UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VINCENT R. POLISI, II,
    Plaintiff,

v.                                                                    Case No: New Filing

JOHN B. FLYNN,

in his official capacity as County Judge;

BRIAN HAAS,

in his official capacity as State Attorney for the Tenth Judicial Circuit;

SHERIFF GRADY JUDD, in his official capacity;

UNKNOWN STATE ACTORS, in their official capacities, et al.,

    Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF

**(Pursuant to 42 U.S.C. §§ 1983, 1985(2), and 1986 – Judicial Retaliation)**

Plaintiff, VINCENT R. POLISI, II, appearing pro se, states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202,

and 42 U.S.C. §§ 1983, 1985(2), and 1986.

2. Plaintiff seeks no monetary damages, only a declaration from this Court that his constitutional rights are being violated through a coordinated and retaliatory misuse of judicial and prosecutorial power by state actors in Polk County, Florida.

3. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343. Relief is sought for violations of the United States Constitution and federal law. No adequate or timely state remedy exists to prevent the irreparable harm described herein.

4. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b), as all relevant acts occurred within this district.

5. Plaintiff has standing to pursue this relief as the direct target of the retaliatory actions, and the harm is ongoing, specific, and redressable by declaratory judgment.

**PARTIES**

6. Plaintiff is a resident of Florida and the named criminal defendant in State v. Polisi, Case No. 2025MM001732A000BA (Polk County).

7. Defendant JOHN B. FLYNN is a County Court Judge in Polk County and former prosecutor for the same State Attorney's Office currently prosecuting Plaintiff. He is sued in his official capacity.

8. Defendant BRIAN HAAS is the elected State Attorney for the Tenth Judicial Circuit and is sued in his official capacity.

9. Defendant SHERIFF GRADY JUDD is the Sheriff of Polk County and is sued in his official capacity.

10. Defendant UNKNOWN STATE ACTORS are state officials with supervisory authority who knew of the constitutional violations described herein and failed to act. They are sued in their official capacities.

**FACTUAL BACKGROUND**

11. On May 1, 2025, Plaintiff issued a formal pre-arrest legal notice—titled "The Olive Branch" Letter—to Florida Attorney General James Uthmeier, State Attorneys Brian Haas, Scott Matthews and Robert Pyle. The letter included exculpatory documentation, invoked Plaintiff's Fifth Amendment rights, and directly criticized Polk County Sheriff Grady Judd and his deputy, Ariel Jimenez,

by name, accusing them of retaliatory misconduct and unlawful coordination with the SAO. In the letter, Plaintiff wrote:

"...and a corrupt sheriff's deputy (Deputy Ariel Jimenez) in the employ of everyone's favorite grandstanding hillbilly carnival barker who loves to yap nonstop in front of cameras like a junkyard dog with never-ending self-aggrandizement… none other than Sheriff Grady Judd. If you thought the Saint Cloud Police Department was incompetent and corrupt, believe me, they're amateurs by comparison."

12. Shortly after that letter being sent, despite direct communication with the Attorney General, State Attorneys, and Polk County Sheriff's Deputies, a BOLO was issued, Plaintiff was arrested, and prosecution was funneled to Judge John B. Flynn—a former Polk County prosecutor and judicial ally of Sheriff Judd.

13. Plaintiff had previously filed a federal civil rights suit against multiple state actors, including Judge Laura Shaffer, and had actively communicated with the Attorney General's Office in connection with conferral under Case No. 6:25-cv-00256, Polisi v. DeSantis, et al.

14. On May 7, 2025, Plaintiff testified in open court against Judge Shaffer. Immediately after the trial in:

Polisi v. Polisi (Case No. 492024DR000135XXXAXA), Plaintiff was arrested. Despite a capias and warrant requesting ROR and zero bond, in a cosmic coincidence, Judge Shaffer—a named federal defendant— presided over the first appearance while Plaintiff was unlawfully detained in the Osceola County Jail, denied both, evidencing clear conflict, retaliation, and judicial impropriety.

15. Plaintiff's new criminal case was assigned to Judge Flynn—despite his prior public sanction by the Florida Supreme Court in In re Flynn, SC2023-1435, for bias in favor of Sheriff Grady Judd.

16. The prosecution was brought by Flynn's former employer, the Polk County SAO, and followed immediately after Plaintiff publicly exposed misconduct by the SAO and the Sheriff.

17. The capias was issued based on a summons never served, having been mailed to a residence Plaintiff was legally barred from accessing under a standing court order in the Osceola County family court case (Polisi v. Polisi, Case No. 492024DR000135XXXAXA).

18. Despite having been notified of the improper service, Judge Flynn signed the capias and allowed the prosecution to proceed.

19. On May 17, 2025, Plaintiff filed a facially sufficient Verified Emergency Motion to Disqualify Judge Flynn under Fla. R. Jud. Admin. 2.330.

20. As of this filing, no ruling has been issued, and the matter has not been referred to the Chief Judge. No hearings have occurred, and no defense filings have been ruled upon.

21. Plaintiff remains under a statutory speedy trial clock while Judge Flynn takes no action, rendering the case procedurally frozen.

22. This prolonged inaction is functionally a denial of due process and access to the courts.

23. The overall timeline, assignment, and judicial response point not to happenstance, but to intentional coordination between the Sheriff's Office, State Attorney's Office, and court administration to neutralize Plaintiff's federal litigation efforts.

COUNT I – 42 U.S.C. § 1983 (Procedural Due Process)

24. Plaintiff repeats and realleges the preceding paragraphs.

25. Defendants, acting under color of law, have denied Plaintiff due process, access to the courts, and the protection of a fair and impartial tribunal.

26. Flynn's failure to rule on the disqualification motion, in combination with his prior conduct and political affiliations, constitutes an ongoing and knowing violation of clearly established rights.

COUNT II – 42 U.S.C. § 1985(2) (Judicial Retaliation)

27. Plaintiff repeats and realleges the preceding paragraphs.

28. Defendants conspired to retaliate against Plaintiff for protected activity, including his public criticism of Sheriff Judd and formal legal challenges against state officials.

29. The BOLO, improper arrest, judicial assignment, and ensuing silence form a pattern of retaliatory orchestration by actors aligned politically and professionally with the officials Plaintiff exposed.

COUNT III – 42 U.S.C. § 1986 (Failure to Prevent Harm)

30. Plaintiff repeats and realleges the preceding paragraphs.

31. Supervisory actors—including the AG's Office, court administration, and SAO leadership—were given explicit legal notice via The Olive Branch and federal suit, yet did nothing to mitigate or prevent foreseeable violations.

32. Their failure to act despite legal authority and notice constitutes actionable neglect under § 1986.

DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A. Declare that:

  i. Plaintiff's constitutional rights have been and continue to be violated;

ii. The current prosecution is the product of retaliatory coordination among state actors;

iii. The assignment and conduct of Judge Flynn constitutes an ongoing due process violation;

iv. State officials, despite notice, failed to intervene or prevent these violations;

B. Grant such further declaratory relief as this Court deems just and proper to preserve constitutional protections and judicial integrity.

Respectfully submitted,

/s/ Vincent R. Polisi, II

Vincent R. Polisi, II, Pro Se

vincent@vincentpolisi.com

(407) 928-0961

Date: May 20, 2025

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email on May 20, 2025, to:

Judge John B. Flynn

Polk County Courthouse

255 N Broadway Ave

Bartow, FL 33830

Email: jflynn@jud10.flcourts.org


Michael Raiden

55 5th St NW

Winter Haven, FL 33881-4672

Email: mraiden.smithlaw@gmail.com


State Attorney Brian Haas

SAO 10th Judicial Circuit

255 N Broadway Ave

Bartow, FL 33830

Email: bhaas@sao10.com


Sheriff Grady Judd

Polk County Sheriff's Office

1891 Jim Keene Blvd

Winter Haven, FL 33880

Email: gjudd@polksheriff.org

/s/ Vincent R. Polisi, II

Vincent R. Polisi, II, Pro Se