UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VINCENT R. POLISI, II,

    Plaintiff,

v.                                                                  Case No. 8:25-cv-1290-TPB-AAS

JOHN B. FLYNN, et al.,

    Defendants.
_____/

### ORDER DISMISSING COMPLAINT

This matter is before the Court *sua sponte* on the complaint filed by Plaintiff Vincent R. Polisi, II. In his complaint, Plaintiff sues Defendants County Judge John B. Flynn, Sheriff Grady Judd, Brian Haas (the State Attorney for the Tenth Judicial Circuit), and "unknown state actors" for alleged constitutional violations stemming from a pending criminal prosecution in the County Court in and for Polk County, Florida.[1] He claims that he does not seek monetary damages but seeks a declaration that "his constitutional rights are being violated through a coordinated and retaliatory misuse of judicial and prosecutorial power by state actors in Polk County, Florida."[2] Plaintiff attempts to assert claims for a procedural due process

---

[1] Plaintiff was charged with defrauding an innkeeper in *State v. Polisi*, No. 2025-MM-001732A000BA (Polk County). Specifically, it is alleged that Plaintiff failed to pay for his three-night stay at Home2 Suites by Hilton from February 8, 2025, to February 10, 2025, after his credit card was declined three times when the hotel attempted to charge the balance of $467.76. The criminal report affidavit alleges that Plaintiff had intentionally locked his card to prevent the transaction from processing.

[2] The Court notes that in a "settlement offer" conveyed to Defendant Brian Hass, Plaintiff requested compensation in the amount of $983,787.00, along with full dismissal of the pending state charges. *See* (Doc. 2-1).

violation under 42 U.S.C. § 1983, judicial retaliation under 42 U.S.C. § 1985(2), and failure to prevent harm under 42 U.S.C. § 1986.

*Judicial Immunity*

Plaintiff sues Polk County Judge John B. Flynn, claiming that Judge Flynn has violated Plaintiff's constitutional rights by, among other things, allowing the case to proceed and failing to rule on a motion to disqualify himself from the state court proceedings.[3]

As the Eleventh Circuit explained:

> "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). Judges are also generally immune from injunctive and declaratory relief unless (1) a declaratory decree was violated or (2) declaratory relief is unavailable. *Id.* at 1242. "A judge enjoys immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his authority." *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018).

*McCree v. Griffin*, No. 19-14646-A, 2020 WL 2632329, at *1 (11th Cir. May 20, 2020). Importantly, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Considering the allegations in the complaint, the Court finds that Judge Flynn is entitled to absolute judicial immunity. *See, e.g., McCree*, 2020 WL

---

[3] The Court notes that an order of recusal was entered on May 19, 2025, and the case is currently assigned to Judge Stacie L. Kaylor.

2632329, at *1-2 (holding that judge was entitled to absolute judicial immunity from injunctive relief and money damages where plaintiff alleged that judge violated his constitutional rights by arbitrarily denying motion); *Bolin*, 225 F.3d at 1239-40 (holding that federal judges are entitled to absolute judicial immunity from injunctive relief and money damages for acts taken in their judicial capacity unless jurisdiction is clearly absent); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (explaining that judge will not be deprived of immunity even if action was in error, done maliciously, or in excess of his authority, and he is only subject to liability in the clear absence of all jurisdiction). Because Plaintiff's allegations emanate from actions taken (or not taken) by Judge Flynn in his official judicial capacity during proceedings over which he had jurisdiction, he is absolutely immune from civil liability. Consequently, the claims against Judge Flynn are dismissed with prejudice.

*Younger Abstention*

In each of Plaintiff's claims, he essentially asks the Court to intervene in ongoing state court proceedings by issuing a declaration that Plaintiff's constitutional rights are being violated. The Court declines to do so under the *Younger* abstention doctrine. Under the *Younger* abstention doctrine, "federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding." *See Newsome v. Broward Cty. Pub.*

*Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  Upon consideration of these factors, the Court finds that abstention is warranted.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff's claims against Judge Flynn are **DISMISSED WITH PREJUDICE**.
2. Plaintiff's other claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.
3. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 27th day of May, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE